CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 1 8 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT MIDDLETON-BEY, ) | |
| Petitioner, ) | Civil Action No. 7:07cv00340 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| TERRY O'BRIEN, WARDEN, ) | By: Samuel G. Wilson |
| Respondent. ) | United States District Judge |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 by petitioner, Robert Middleton-Bey, an inmate at the United States Penitentiary in Lee County, Virginia, challenging the United States Parole Commission's decision denying him parole. Respondent has filed a motion to dismiss. The court finds that Middleton-Bey's petition lacks merit and, therefore, dismisses it.

I.

On March 17, 1992, the Superior Court of the District of Columbia sentenced Middleton-Bey to a term of 12 years to life imprisonment for manslaughter while armed and other related firearms offenses. Middleton-Bey became eligible for parole on June 30, 2001. Following hearings, the Commission denied him parole on June 1, 2001, July 20, 2004, and April 5, 2007. The third denial is currently before the court. The Commission calculated Middleton-Bey's " total current guideline range" to be from 161 to 195 months, noted that he had served a total of 182 months as of March 15, 2007, found "a decision above the current total guideline range" to be warranted, and continued the matter to a three-year reconsideration hearing in March of 2010. It informed Middleton-Bey of its reasons for denying his parole as follows:

> After consideration of all factors and information presented, a decision above the current total guideline range is warranted because you are a more serious risk than indicated by your salient factor score. When you confronted the victim about talking to your girlfriend, you were in possession of a firearm and shot the victim 3 times which resulted in his death. To resort to this level of violence while you are angry

shows that you cannot control yourself in stressful situations and have no respect for human life. While you have been incarcerated, you have continued to violate the rules by committing new criminal conduct in prison by assaulting another inmate and possessing a weapon. Before your last hearing, you were also found to be in possession of a piece of razor and prior to the current hearing, you were involved in a fight. Your continued violation of the institution rules in conjunction with your history of violent behavior makes you a more serious threat to the community.

## II.

Middleton-Bey is a District of Columbia Code offender. The Commission has parole authority of D.C. Code offenders.[1] The Commission's regulations and guidelines regarding those offenders are found in 28 C.F.R. §§ 2.70 through 2.220. Middleton-Bey contends that § 2.73 of the regulations created a liberty interest which the Commission violated in contravention of his rights to due process when it found him unsuitable for parole. The court assumes that Middleton-Bey has a liberty interest, but finds that the Commission did not violate that interest.

Section 2.73 provides in its entirety:

(a) In accordance with D.C. Code 24-404(a), the Commission shall be authorized to release a prisoner on parole in its discretion after the prisoner has served the minimum term of the sentence imposed, if the following criteria are met:
> (1) The prisoner has substantially observed the rules of the institution;
>
> (2) There is a reasonable probability that the prisoner will live and remain at liberty without violating the law; and
>
> (3) In the opinion of the Commission, the prisoner's release is not incompatible with the welfare of society.

(b) It is the policy of the Commission with respect to District of Columbia Code offenders that the minimum term imposed by the sentencing court presumptively satisfies the need for punishment for the crime of which the prisoner has been convicted, and that the responsibility of the Commission is to account for the degree and the seriousness of the risk that the release of the prisoner would entail. This responsibility is carried out by reference to the Salient Factor Score and the Point Assignment Table at § 2.80. However, there may be exceptional cases in which the gravity of the offense is sufficient

---

[1] The Commission exercises authority over D.C. Code offenders pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997. See Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (1997); D.C. Code § 24-409.

Middleton-Bey seizes upon the word "shall" in paragraph (a), divorces it from its context, and argues that it made parole mandatory. He follows a similar path in analyzing paragraph (b) which notes that it is Commission policy that "the minimum term imposed by the sentencing court presumptively satisfies the need for punishment for the crime of which the prisoner has been convicted . . . ." However, as is apparent, the regulation makes parole the Commission's discretionary call if the Commission determines that the prisoner has substantially observed the rules of the institution; there is a reasonable probability that the prisoner will live and remain at liberty without violating the law; and in the opinion of the Commission, the prisoner's release is not incompatible with the welfare of society. Clearly, the Commission has found that Middleton-Bey has not met any of those criteria, and it has determined that a decision above his current total guideline range is warranted, a decision specifically authorized by the regulation. 28 C.F.R. § 2.80(n)(1).[2] Under the circumstances, the Commission afforded Middleton-Bey all the process he was due and, therefore, the court finds that his due process claim lacks merit.

### III.

Middleton-Bey also argues that paragraph (b) of § 2.73, which creates a presumption that the minimum term imposed by the sentencing court satisfies the need for punishment, is ambiguous, and that the court should apply the rule of lenity. The court, however, finds no ambiguity that benefits him. That section clearly provides that there may be "exceptional cases in which the gravity of the

---

[2] Section 2.80(n)(1) provides:

> The Commission may, in unusual circumstances, grant or deny parole to a prisoner notwithstanding the guidelines. Unusual circumstances are case-specific factors that are not fully taken into account in the guidelines, and that are relevant to the grant or denial of parole. In such cases, the Commission shall specify in the notice of action the specific factors that it relied on in departing from the applicable guideline or guideline range. If the prisoner is deemed to be a poorer or more serious risk than the guidelines indicate, the Commission shall determine what Base Point Score would more appropriately fit the prisoner's case, and shall render its initial and rehearing decisions as if the prisoner had higher Base Point Score. It is to be noted that, in some cases, an extreme level of risk presented by the prisoner may make it inappropriate for the Commission to contemplate a parole at any hearing without a significant change in the prisoner's circumstances.

offense is sufficient" to overcome the presumption, and § 2.80(n)(1) clearly provides for departures. Accordingly, the court rejects Middleton-Bey's argument that he benefits from the rule of lenity.

## IV.

Each time the Commission denied Middleton-Bey parole, it cited the gravity of his original offense. He argues that reliance on "the gravity of the offense more than once or twice constitutes an abuse of discretion in violation of [his] liberty interest." The argument is flawed at a number of levels. Most basically, it ignores the unchallenged institutional record on which the Commission also relied, including assaulting another inmate and the possession of a weapon. In short, the Commission has made a discretionary call, and nothing suggests that it has done so in violation of Middleton-Bey's right to due process.

## V.

For the reasons stated above, the court will dismiss Middleton-Bey's § 2241 petition.

**ENTER**: This June 18, 2008.

United States District Judge